**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

|  |  |
|---|---|
| **EARL J. RAYFORD,** | **CIVIL ACTION NO. 5:25-CV-348-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION and ORDER** |
| **WELLS FARGO BANK, N.A,** *et al.*, | |
| **Defendants.** | |

\* \* \* \* \* \*

This matter is before the Court on a Motion to Dismiss Filed by Defendants LOGS Legal Group, LLP, Nathan R. Duvelius, and C. Wesley Pagles (collectively, "the Defendants"). (R. 14.) Upon referral, Magistrate Judge Edward B. Atkins issued a Report and Recommendation (R. 25) in which he recommended that the Defendants' Motion be granted. Plaintiff Earl J. Rayford, proceeding *pro se*, objected to many aspects of the Report and Recommendation. (R. 27.) For the following reasons, the Court overrules Rayford's Objection adopts Magistrate Judge Atkins' Report and Recommendation.

## I.   FACTUAL BACKGROUND

This case arises out of an ongoing state foreclosure action in Fayette County Circuit Court concerning residential property located at 4453 Hartland Parkway in Lexington, Kentucky. (R. 1 at 2; *see also* R. 14 at 3.) Rayford is the mortgagor of record and a named defendant in the state foreclosure proceeding. (*Id.*) The foreclosure was initiated by Wells Fargo Bank, N.A. ("Wells Fargo"), which is represented in that matter by LOGS Legal Group LLP and its attorneys, including Duvelius and Pagles. (R. 14 at 3.)

Rayford filed a complaint against the Defendants on September 26, 2025. (R. 1.) In his complaint, Rayford claims that the payments he made on the mortgage were misapplied,

1

and he filed a complaint with the Consumer Financial Protection Bureau ("CFPB") concerning these servicing errors. (*Id.* at pg. 2.) Defendants proceeded with the foreclosure after Rayford filed his regulatory complaint. (*Id.*). Rayford describes the Defendants' conduct during litigation as a conspiracy carried out "under color of law" to deny him due process, equal protection, and his civil rights. (*Id.*)

Rayford asserts claims under 42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986, as well as under 18 U.S.C. §§ 241 and 242. (*Id.* at 4). Rayford also brings claims of fraud, mail fraud, intentional infliction of emotional distress, and abuse of process against the Defendants. (*Id.*) On November 19, 2025, the Defendants filed a Rule 12(b)(6) motion to dismiss Rayford's complaint. (R. 14.) On February 27, 2026 Magistrate Judge Edward B. Atkins recommended that the Defendant's motion be granted. (R. 25.) Rayford then objected to the Report and Recommendation. (R. 27.)

## II.   LEGAL STANDARD

### A.  Report and Recommendation

A report and recommendation on a pretrial dispositive motion referred to a magistrate judge is reviewed by a district court de novo. *Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003) (citation omitted). Likewise, timely objections to a magistrate's report and recommendation are reviewed de novo. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Such objections must be "specific" as "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). This Court is not required to "review… a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint be dismissed where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, courts must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ohio Pub. Emp. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 382–83 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III.  ANALYSIS

Rayford objects to the Report and Recommendation on multiple grounds. (*See* R. 27.) The Court will address each argument in turn..

### A.  Standard of Review

Rayford objects to the Magistrate Judge's standard of review. He argues that *pro se* pleadings should be held to a less stringent standard and that the Report and Recommendation failed to properly adhere to this standard. (R. 27 at 1.) While Rayford is correct that *pro se* pleadings are held to a less stringent standard, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), he fails to specify what part or parts of his complaint were not construed liberally.

3

To the contrary, reading Magistrate Judge Atkin's Report and Recommendation reveals that he liberally construed Rayford's claims. For example, when discussing Rayford's § 1983 claim, the Magistrate Judge gave great deference. (*See* R. 25 at 4.) Although Magistrate Judge Atkins found that Rayford's "mere conclusory statements . . . 'do not suffice' for the Court to draw a reasonable inference," he assumed (to Rayford's benefit) that the Defendants acted under the color of law. (*Id.*) Even though Rayford presented no facts to that matter, the Magistrate Judge liberally construed the claim to give Rayford every benefit of the doubt. Rayford's Objection makes mere conclusory statements of the law which does not sufficiently refute the Magistrate Judge's decision. Accordingly, Rayford's Objection is overruled.

### B. § 1983 Claim

Rayford argues that private parties can be liable under §1983 when they act jointly with state actors or participate in a state-created procedure that deprives a person of constitutional rights. (R. 27 at 2.) Rayford seems to argue that the Defendants are state actors because they invoked state foreclosure proceedings. (*Id.*)

Under 42 U.S.C. § 1983, a plaintiff must allege 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978). Absent either element, a claim will not be stated. *Washington v. Brewer*, No. 91-1935, 1991 U.S. App. LEXIS 28136, at *2 (6th Cir. Nov. 21, 1991). To be subject to suit under § 1983, the defendant's conduct must be fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

The Defendants are a private law firm and its attorneys who represented Wells Fargo Bank, N.A., in a foreclosure proceeding in Fayette County Circuit Court. Rayford does not allege that any of the Defendants were government officials or acted pursuant to any state

4

authority, other than initiating proceedings in court. The mere use of state court procedures to effectuate foreclosure proceedings does not convert private litigants or their attorneys into state actors for purposes of 42 U.S.C. § 1983 liability. Courts have consistently held that private attorneys representing private clients in judicial proceedings do not act under color of state law simply by participating in litigation. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981) ("Within the meaning of § 1983 . . . a defense lawyer is not, and by the nature of his function cannot be, the servant of an administrative superior."); *Washington*, 1991 U.S. App. LEXIS 28136 at *2 (6th Cir. Nov. 21, 1991) ("A privately retained attorney hired for the purpose of bringing a suit for monetary damages is not considered a state actor under 42 U.S.C. § 1983.").

Rayford fails to demonstrate how the Defendants' conduct amounts to state action. Accordingly, his Objection as to this claim is overruled.

### C. § 1985 Claim

Rayford objects to Magistrate Judge Atkins's recommendation to dismiss the § 1985 claim, contending that the magistrate judge erred in concluding that he failed to plead a conspiracy. (R. 27 at 2.) Rayford argues that his complaint alleged coordinated actions between the bank and its attorneys, misuse of foreclosure litigation procedures, and retaliation after he filed a CFPB complaint. (*Id.*)

However, Rayford's Objection does not specifically address the Magistrate Judge's findings. The Magistrate Judge found that Rayford failed to allege a nexus between the purported conspiracy and a federal court proceeding, and that his claim fails to contain allegations that the purported conspiracy was motivated by a race or class-based animus. (R. 25 at 5–6.) Again, Rayford's objection merely recites caselaw and relies on conclusory assertions. Because his objection does not address the merits of Magistrate Judge Atkins' Report and Recommendation, it is overruled.

5

### D. Due Process

Next, Rayford's Objection states that the foreclosure litigation deprived him of property without due process. (R. 27 at 2.) This is yet another conclusory statement that provides no explanation how the Magistrate Judge's Report and Recommendation was flawed. Rayford's purported objection fails to meet the "specific written objection" standard set forth in Fed. R. Civ. P. 72(b)(2). Accordingly, Rayford's Objection as to this claim will be overruled.

### E. §§ 241 and 242 Claims

Regarding these claims, Magistrate Judge Atkins properly determined that Rayford lacked standing to file an action under 18 U.S.C. 241 and 242. (R. 25 at 6; *see Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Rayford presents no evidence that he has standing to sue, and his Objection concedes this fact. (*See* R. 27 at 3 ("although the Magistrate Judge states that 18 U.S.C. §§ 241 and 2241 do not provide a private cause of action, the statutes are commonly cited to demonstrate federal civil rights violations and conspiracies. Courts frequently consider conduct underlying those statutes when evaluating civil rights violations.").) Accordingly, Rayford's Objection as to this claim is overruled.

### F. State Law Claims

Magistrate Judge Atkins declined to use the Court's supplemental jurisdiction over the state law claims as all the federal claims were denied. Rayford's only objection to this finding is that he believes the federal claims are still viable. (R. 27 at 3.) Because the Court agrees with the Magistrate Juddge's Report and Recommendation, none of the federal claims survive. Accordingly, Rayford's Objection is overruled.

### G. Leave to Amend

Last, Rayford asks that the Court enter a dismissal without prejudice so he can cure the deficiencies in his complaint. "Rule 15(a) declares that leave to amend 'shall be freely give when justice so requires.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962.)

In this case, Rayford's Complaint is so fatally flawed that granting leave to amend would not cure the legal deficiencies that bar his claims. Thus, justice is not thwarted by dismissing the Complaint with prejudice and denying leave to amend. *Id.* Accordingly, Rayford's complaint will be dismissed with prejudice.

### IV. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS the following:

1) The Defendants' Motion to Dismiss (R. 14) is GRANTED.

2) Magistrate Judge Edward B. Atkins' Report and Recommendation (R. 25) is ADOPTED as the Court's Opinion.

3) The Plaintiff's Objection (R. 27) to the Report and Recommendation (R. 25) is OVERRULED.

4) This action is DISMISSED WITH PREJUDICE.

5) The Court will issue a judgment in accordance with this Opinion.

This 10th day of April, 2026.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**