**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **EARL J. RAYFORD,** | **CIVIL ACTION NO. 5:25-CV-348-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION and ORDER** |
| **WELLS FARGO BANK, N.A,** *et al.*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Earl J. Rayford's Motion for Relief from Judgment and Emergency Motion for TRO. (R. 33.) Rayford's Motion relates to the Court's April 10, 2026, Order dismissing his Complaint with prejudice. (R. 29.) The Court will address each Motion in turn.

### I.  Motion for Relief from Judgment

Rayford seeks relief from the Court's R. 30 judgment under Fed. R. Civ. P. 60(b)(1), (3), (4) and (6). (R. 33 at 1.)

As to Rule 60(b)(1), Rayford argues that the Court erred in concluding that Defendants were not acting under color of state law, relying on *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). (R. 33 at 1.) This argument merely reiterates the position raised in his prior R. 27 Objection, which the Court has already considered and rejected. (*See* R. 29 at 5.)

In any event, Rayford's reliance on *Lugar* reflects an oversimplified reading of that decision. He asserts that *Lugar* stands for the proposition that "private parties become state actors when they invoke state procedures to deprive a person of property." (R. 33 at 1.) However, a closer examination of *Lugar* reveals that the holding of that case is much more narrow than Rayford suggests.

Lugar owned a truck stop. He became indebted to the supplier, Edmondson Oil Co. Edmonson sued for the debt in Virginia state court, and sought a prejudgment attachment of Lugar's property, which restricted Lugar's ability to sell the attached property. The state court granted the prejudgment attachment, which was executed by the county sheriff. A hearing on the attachment was later conducted in which the trial judge dismissed the attachment because Edmonson failed to establish the alleged statutory grounds for attachment. Lugar then sued under 42 U.S.C. § 1983 on the grounds that in attaching his property, Edmonson had acted jointly with the state to deprive him of his property without due process of law.

The Supreme Court emphasized the "considerable confusion" surrounding whether Lugar's claim challenged the constitutionality of the Virginia attachment statute itself or merely its improper application. *Id*. at 940. The Court deemed this distinction "essential to the proper disposition of the case" and ultimately interpreted the claim as a constitutional challenge to the statute's procedural framework. *Id*. at 941.

Critically, the Supreme Court distinguished between (1) an allegedly unconstitutional statute and (2) a private actor who misuses an otherwise valid statute. As the Court explained, "private misuse of a state statute does not describe conduct that can be attributed to the state," whereas "the procedural scheme created by the statute obviously is the product of state action." *Id*. at 940–41. Thus, a § 1983 claim lies only where the alleged deprivation is attributable to the State itself, not where a private party merely invokes or misuses state procedures.

Consistent with that distinction, the Supreme Court held that Lugar stated a valid § 1983 claim only insofar as he challenged the constitutionality of the Virginia statute, and not insofar as he alleged misuse of that statute by a private party. *Id*. at 942.

Here, Rayford does not challenge the constitutionality of Kentucky's foreclosure procedures. Instead, he alleges that Defendants' conduct in invoking those procedures was wrongful. (*See* R. 1 at ¶¶ 6–8; p. 4–8.) This mirrors the portion of the complaint in *Lugar* that the Supreme Court found insufficient. *See* 457 U.S. at 940 ("Count two, therefore, does not state a cause of action under § 1983 but challenges only private action.").

Accordingly, because Rayford challenges only the conduct of private actors and not any unconstitutional state action, his claim falls outside the scope of § 1983. The Court did not err in its prior ruling, and relief under Rule 60(b)(1) is denied.

Rayford next asserts that the judgment should be set aside according to Rule 60(b)(3). He states that the Court failed to reference evidence relating to fraudulent conduct. (R. 33 at 1.) Rule 60(b)(3) requires proof of fraud by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). The Court dismissed Rayford's fraud claim, and all other state law claims, in its previous Order as it declined to retain supplemental jurisdiction to the claims. (*See* R. 29 at 6.) This exercise is fully within a district court's power. *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 866 (6th Cir. 2024) ("a district court has discretion in deciding whether to exercise supplemental jurisdiction."). Because the Court was not obligated to address the merits of the state law fraud claim, and no other allegations of fraud relating to the Court's judgment was presented, Rayford's request for relief under Rule 60(b)(3) is denied.

Rayford also argues that the judgment is void under Rule 60(b)(4) because it was "entered without proper jurisdiction in violation of due process, and through proceedings affected by fraud upon the court." (R. 33 at 1.) Rayford does not provide any evidence for these conclusory assertions.

"For purposes of Rule 60(b)(4), a judgment is void if a court entered an order outside its legal powers." *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001) (Batchelder, J., concurring). "A judgment is not void simply because it is or may have been erroneous, and a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (citations, internal quotation marks, and ellipsis omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citation, internal quotation marks, and emphasis omitted).

Here, Rayford points to no evidence that the Court acted outside its jurisdiction or that he was denied notice or an opportunity to be heard. To the contrary, the record demonstrates the opposite. In his complaint, Rayford expressly invoked this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1332. (R. 1 at 1.) His present claim that the Court lacked jurisdiction is therefore both unsubstantiated and contradicted by his own pleadings. Moreover, Rayford has had ample opportunity to be heard: he filed a complaint, multiple motions, and a timely objection, all of which the Court considered. Accordingly, his Rule 60(b)(4) motion is denied.

Finally, Rayford seeks relief under Rule 60(b)(6), asserting that the Court's dismissal with prejudice constitutes an "extraordinary circumstance." (R. 33 at 2.) Relief under Rule 60(b)(6) is reserved for cases in which "principles of equity mandate relief" due to exceptional circumstances. *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citation omitted). Rayford cites no authority suggesting that a dismissal with prejudice qualifies as such a circumstance. The Court has already determined that his claims fail as a matter of law. (R. 29.) Because no extraordinary circumstances are present, equity does not mandate relief. Accordingly, Rayford's Rule 60(b)(6) Motion is denied.

## II. Emergency Motion for Temporary Restraining Order

Rayford's "Emergency Motion for TRO" asserts legal conclusions with minimal factual analysis. (*See* R. 33 at 2.) In its entirety, his Motion provides the following:

Plaintiff faces ongoing harm, including foreclosure-related deprivation of property.

Under ***Winter v. NRDC, 555 U.S. 7 (2008)***, Plaintiff satisfies:

1. Likelihood of success – due to legal error in dismissal
2. Irreparable harm – loss of property
3. Balance of equities – favors Plaintiff
4. Public interest – preventing constitutional violations

(R. 33 at 2.)

This cursory recitation of the factors is insufficient to warrant the issuance of a temporary restraining order. A party seeking a temporary restraining order bears the burden of making a "clear showing" on each of the four elements, not merely reciting them. *See Winter*, 555 U.S. at 22.

Rayford's motion fails at the first step: likelihood of success on the merits. His sole argument is that the Court committed "legal error" in dismissing his claims. But that assertion is directly contradicted by the record. The Court has already considered and rejected Rayford's claims on the merits. (R. 25; R. 29; *supra* § I.)  Because Rayford fails to establish a likelihood of success on the merits, the Court will not extensively analyze the remaining elements. Nonetheless, his arguments relating to irreparable harm, balance of equities, and public interest are likewise conclusory and unsupported by specific facts or caselaw. Accordingly, because Rayford has failed to meet his burden of persuasion, his Emergency Motion for a Temporary Restraining Order is denied.

For the aforementioned reasons, the Court hereby ORDERS that Plaintiff Earl J. Rayford's Motion for Relief from Judgment and Emergency Motion for TRO (R. 33) is DENIED. The Clerk of Court is DIRECTED to mail a copy of this Order to the Plaintiff.

This 1st day of May, 2026.



**Signed By:**

_**Karen K. Caldwell**_  $KKC$

**United States District Judge**