**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **EARL J. RAYFORD,** | **CIVIL ACTION NO. 5:25-CV-348-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION and ORDER** |
| **WELLS FARGO BANK, N.A,** *et al.*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on multiple filings submitted by *pro se* Plaintiff Earl J. Rayford on May 26, 2026: (1) an Objection to the Magistrate Judge's Report and Recommendation (R. 36); (2) a Motion in Opposition to Defendant's Motion to Dismiss (R. 37); and (3) an *ex parte* Motion for a Temporary Restraining Order (R. 38). For the reasons set forth below, each Motion will be denied.

## I.   BACKGROUND

A brief recitation of the procedural history is necessary to place Rayford's filings in context. Rayford initiated this action on September 26, 2025. (R. 1.) His Complaint alleged that mortgage payments were misapplied. (*Id.*) He asserted claims under 42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986; 18 U.S.C. §§ 241 and 242; as well as state-law claims for fraud, mail fraud, intentional infliction of emotional distress, and abuse of process. (*Id.*)

On November 19, 2025, Defendant moved to dismiss the Complaint. (R. 14.) The matter was referred to Magistrate Judge Edward B. Atkins (R. 7), who issued a Report and Recommendation recommending dismissal. (R. 25.) Rayford filed objections (R. 27), which the Court carefully considered before overruling them and adopting the Report and Recommendation in full. (R. 29.)

Following the Court's April 10, 2026, Order adopting the Report and Recommendation, Rayford filed a "Motion to Vacate Judgment and Emergency Motion for Temporary Restraining Order." (R. 33.) The Court denied that Motion, finding that Rayford's arguments were "conclusory and unsupported by specific facts." (R. 35 at 5.)

## II. ANALYSIS

Rayford's current Objection and Motions continue a pattern of untimely, repetitive, and unsupported arguments.

### A.  Objection to Report and Recommendation (R. 36)

Rayford's Objection to the Magistrate Judge's Report and Recommendation is both procedurally improper and substantively deficient.

First, the Objection is untimely. The Report and Recommendation clearly advised that "[p]articularized objections … must be filed within fourteen days … or further appeal is waived." (R. 25 at 7.) The Report and Recommendation was entered on February 27, 2026. The deadline to object expired more than two months before the present filing. By failing to comply with this deadline, Rayford waived his right to further objection. *See United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984); 28 U.S.C. § 636(b)(1).

Second, the Objection is duplicative. Rayford previously filed objections to the same Report and Recommendation. (R. 27.) The Court thoroughly considered and rejected those arguments. (R. 29.) The present Objection does not raise new arguments or identify any intervening law or factual development; instead, it reasserts positions that have already been addressed and resolved. The Court will not revisit issues that have been fully decided.

For both reasons, the Objection is overruled.

### B.  Motion in Opposition to Motion to Dismiss (R. 37)

Rayford's "Motion in Opposition" is likewise untimely and procedurally improper.

2

Local Rule 7.1(c) requires that a response to a motion be filed within twenty-one days of service. Even so, Magistrate Judge Atkins afforded Rayford an extended one-month deadline to respond. (R. 15.) That deadline expired on December 19, 2025. Rayford did not respond within that period.

Instead, nearly five months after the deadline, and after the Court had already adopted the Report and Recommendation dismissing his claims, Rayford filed the present "opposition." This opposition Motion is denied as untimely.

Moreover, the Court notes that despite Rayford's failure to respond, the Magistrate Judge nevertheless addressed the substance of Rayford's claims in the Report and Recommendation. Rayford's belated submission fails to provide a basis to revisit the Court's prior ruling. mAccordingly, the Motion is denied.

### C. *Ex Parte* **Motion for Temporary Restraining Order (R. 38)**

Rayford's *Ex Parte* Motion for a Temporary Restraining Order fares no better. Rayford provides no basis for why the Motion is *ex parte.* Because the Motion is substantially similar to the one previously filed in the open record (*see* R. 33), the Court will address it here.

The Court has already considered and denied an identical request for emergency injunctive relief. (*Id.*; R. 35.) In doing so, the Court explained that Rayford's allegations were conclusory and unsupported by specific facts. (R. 35 at 5.) The present Motion suffers from the same deficiencies. It offers no new factual allegations, no intervening change in circumstances, and no meaningful legal analysis that would justify reconsideration.

Repeated requests for the same extraordinary relief, unsupported by new evidence or argument, do not warrant further consideration. Rayford's Motion is denied.

### III. CONCLUSION

Rayford's filings lack merit and reflect a continued failure to comply with procedural rules and Court-imposed deadlines. The Court has afforded Rayford multiple opportunities to

present his arguments and has considered them fully. It will not permit the continued filing of untimely, repetitive, and unsubstantiated motions.

Accordingly, the Court hereby ORDERS as follows:

1. Plaintiff's Objection (R. 36) is OVERRULED.

2. Plaintiff's Motion in Opposition (R. 37) is DENIED.

3. Plaintiff's *Ex Parte* Motion for Temporary Restraining Order (R. 38) is DENIED.

This 29th day of May, 2026.

May 29, 2026

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY