**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **EARL J. RAYFORD,** | **CIVIL ACTION NO. 5:25-CV-348-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **WELLS FARGO BANK, N.A., *et al.*,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on *pro se* Plaintiff Earl J. Rayford's "Motion to Dispute." (R. 46.) For the following reasons, Rayford's Motion is denied.

A brief recitation of the Case's recent history is necessary to place Rayford's most recent filing in context. Following the Court's April 10, 2026, Order adopting the Report and Recommendation recommending dismissal of Rayford's claims, Rayford filed several motions, all of which were rejected by the Court. (R. 36; R. 37; R. 39.) Then, on June 10, 2026, Rayford filed a motion for extension to file notice of appeal. (R. 40.) On the same day, Rayford filed a second document titled: "Plaintiff[']s Consolidated Objections, Notice of Preservation of Issues for Appellate Review, Objection to Dismissal, Request for Judicial Notice, and Request for Inclusion of All Materials in the Record on Appeal" (hereinafter, "R. 41 filing"). (R. 41 at 1.) Due to Rayford's extenuating circumstances, including the unfortunate passing of his mother, the Court found good cause to grant Rayford's request. (*See* R. 42 at 1.) To Rayford's benefit, the Court construed his R. 41 filing as a Notice of Appeal because it demonstrated his clear intent to seek appellate review. *Id.* Rayford's current motion seeks to reverse the Court's decision construing his filing as a Notice of Appeal. (R. 46 at 1.)

Rayford's objection appears to be misplaced. He says that the Court misconstrued his R. 40 motion for extension of time as a notice of appeal. (*Id.*) The Court did not construe his

motion for extension of time to be the Notice of Appeal. Rather, the Court granted his R. 40 motion for extension and construed the R. 41 filing as the Notice of Appeal. (*See* R. 42 at 1–2.)  Even assuming that it is the construal of his R. 41 filing that he disputes, his motion fails.

The Court construed Rayford's R. 41 filing to be the Notice of Appeal because it provided sufficient notice under Rule 3 of the Federal Rules of Appellate Procedure. That Rule sets forth the content requirements for a notice of appeal. The notice must: (A) specify the parties taking the appeal; (B) designate the judgment or order being appealed; and (C) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). Rayford's notice identified the parties and stated the specific issues he seeks to preserve on appeal. (*See* R. 41 at 1–6.) Further, Fed. R. App. P. 3(c)(7) provides that an appeal should not be dismissed for defects in form where the appellant's intent is otherwise clear. In Rayford's filing, he requested that all "orders" and the "judgment" be preserved and transmitted to "any reviewing court." (R. 41 at 1.) This indicated his intent for the judgment rendered against him to be appealed to the Sixth Circuit and thus made it appropriate for the Court to construe the filing as a notice of appeal.

Moreover, the Court's construal of the filing does not prejudice Rayford. A Notice of Appeal is not a chance to reargue the merits of a claim, but rather a procedural step which initiates the appellate review process. As all issues he raised are preserved for appeal before the Sixth Circuit, there is no benefit Rayford could receive by filing another notice. The Court's construal ensured that Rayford would meet the deadline, which ensured his ability to seek relief from the Sixth Circuit. Therefore, the Court prevented any prejudice that would ensue if Rayford were to file an untimely notice of appeal.

Because the Court's construal of the notice was proper and prevented any delay without prejudicing Rayford, the Court will not make any attempt to revoke the notice. Even so, Revocation of the notice is not a viable option. The Court no longer has jurisdiction because

the appeal is now before the Sixth Circuit. (*See* R. 44.) Rayford has already received a briefing schedule and will have the ability to argue the merits of his appeal. (*Id.*) Consequently, there is nothing for Rayford to dispute in this Court.

Accordingly, the Court hereby ORDERS that Rayford's "Motion to Dispute" (R. 46) is DENIED.

This 30th day of July, 2026.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**